UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Civil No. 00-1360 (ADM/RLE)

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>PLAINTIFF,<br><br>v.<br><br>ONE E-MACHINE COMPUTER SYSTEM, SERIAL #QFT9A80303997, INCLUDING PRO VIEW MONITOR, KEYBOARD, AND MOUSE; ONE PRIMAX SCANNER, SERIAL #933A000165D1; AND ONE LEXMARK Z11 PRINTER, SERIAL #14411370287,<br><br>DEFENDANTS. | FINAL ORDER OF FORFEITURE |

Based on the plaintiff's motion for default judgment against Gerald Alan Bocik and all unknown persons and entities pursuant to Rule 55(b)(2), Fed.R.Civ.P., and for forfeiture of the defendants; on all the files and records in this action; and on the Court's finding as follows that:

1. process was fully issued in this action and returned according to law;

2. pursuant to a Warrant of Arrest and Notice In Rem issued by United States Magistrate Judge Raymond L. Erickson, the United States Secret Service for the District of Minnesota arrested the defendants;

3. notice of the arrest of the defendants was published in the Finance and Commerce, Minneapolis, Minnesota, on July 5, 12 and 19, 2000;



OCT 06 2000
FILED
FRANCIS E. DOSAL, CLERK
JUDGMENT ENTD OCT 06 2000
DEPUTY CLERK

4. the United States Secret Service served Gerald Alan Bocik with a copy of the Complaint, Summons, and Warrant of Arrest and Notice In Rem;

5. no claims and answers have been filed with the Clerk of Court, and the time for filing a claim and answer has expired;

6. the Clerk of Court entered default against Gerald Alan Bocik and all unknown persons and entities having an interest in the defendants for failure to file a claim and answer or otherwise defend in this action within the time permitted by Rule C(6) of the Supplemental Rules for Certain Admiralty and Maritime Claims; and

7. the plaintiff has established by a preponderance of the evidence that the defendants are subject to forfeiture pursuant to 18 U.S.C. § 492;

NOW, THEREFORE, IT IS HEREBY ORDERED that:

1. default judgment is entered against Gerald Alan Bocik and all unknown persons and entities having an interest in the defendants; and

2. the defendants are forfeited to the United States of America and may be disposed of in accordance with law free and clear of any and all claims.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated: October 6, 2000

ANN D. MONTGOMERY
United States District Court

# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

## CIVIL NOTICE

**DATE MAILED TO COUNSEL/PRO SE PARTIES:**

The purpose of this notice is to summarize the time limits for filing with the District Court Clerk's Office a Notice of Appeal to the Eighth Circuit Court of Appeals from a final decision of the District Court in a civil case.

***This is a summary only. For specific information on the time limits for filing a Notice of Appeal, review the applicable federal civil and appellate procedure rules and statutes.***

Rule 4(a) of the Federal Rules of Appellate Procedure (Fed. R. App. P.) requires that a Notice of Appeal be filed within:

1. Thirty days (60 days if the United States is a party) after the date of "entry of the judgment or order appealed from;" or

2. Thirty days (60 days if the United States is a party) after the date of entry of an order denying a timely motion for a new trial under Fed. R. Civ. P. 59; or

3. Thirty days (60 days if the United States is a party) after the date of entry of an order granting or denying a timely motion for judgment under Fed. R. Civ. P. 50(b), to amend or make additional findings of fact under Fed. R. Civ. P. 52(b), and/or to alter or amend the judgment under Fed. R. Civ. P. 59; or

4. Fourteen days after the date on which a previously timely Notice of Appeal was filed.

If a Notice of Appeal is not timely filed, a party in a civil case can move the District Court pursuant to Fed. R. App. P. 4(a)(5) to extend the time for filing a Notice of Appeal. This motion must be filed no later than 30 days after the period for filing a Notice of Appeal expires. If the motion is filed after the period for filing a Notice of Appeal expires, the party bringing the motion must give the opposing parties notice of it. The District Court may grant the motion, but only if excusable neglect or good cause is shown for failing to file a timely Notice of Appeal.